IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 6:19-CR- |
| v. | § | JUDGE |
| | § | |
| JAMES ROBERTSON (01) | § | |

# **INFORMATION**

THE UNITED STATES ATTORNEY CHARGES:

## **General Allegations**

At all times relevant to this Information:

1. The Higher Education Act (HEA) is a federal law that governs the administration of federal higher education programs. Its purpose is to strengthen the educational resources of American colleges and universities and to provide financial assistance for students in postsecondary and higher education. It was originally passed by Congress in 1965 and signed into law by President Lyndon B. Johnson. HEA is generally scheduled for reauthorization every five years. In 2008, Congress passed the latest reauthorization of HEA called the Higher Education Opportunity Act.

2. Title IV of HEA governs the administration of the United States Federal Student Aid (FSA) programs.

3. Title IV FSA programs provide money for college to eligible students and families by partnering with postsecondary schools and financial institutions. The United States Department of Education (ED) administers the FSA programs and the

disbursement of funds under the FSA programs. The following is a brief description of the program applicable in this instance:

> The William D. Ford Federal Direct Loan Program (FDSLP) provides low-interest loans for eligible students to help cover the cost of higher education at a four-year college or university, community college, trade, career, or technical school. Eligible students borrow directly from the ED at participating schools.

4. ED program regulations specify eligibility requirements and application procedures for students. The Free Application for Federal Student Aid (FAFSA) contains factors affecting a student's need for Federal financial assistance, such as income, assets, dependency, and household size. The FAFSA is submitted electronically or by mail. The ED processing center provides an Institutional Student Information Record (ISIR) to the educational institution which the student applicant plans to attend and a Student Aid Report to the student applicant. Based on the FAFSA, data provided on the ISIR, and other eligibility factors, the educational institution determines the amount of Federal Pell Grant and other Title IV funds that the student is eligible to receive.

5. Based on the FAFSA data, the ED processing center determines the student's Expected Family Contribution (EFC), which is the amount that the ED determines the student's family can contribute to the student's education. The EFC is reflected on the ISIR. Based on the EFC and other eligibility factors, the school determines the student's annual scheduled Pell Grant and other Title IV funds award. A student with a zero EFC will generally receive the maximum Pell Grant Award. As the

EFC increases, the student's eligibility for a Pell Grant decreases. The student must submit a FAFSA for every academic year he or she wishes to receive Title IV assistance.

6. To determine the student's "need" for additional Title IV assistance, the educational institution subtracts the student's EFC and other sources of aid from the student's Cost of Attendance (COA), which is the amount the school determines it will cost the student to attend the institution for one academic year. Institutions may also award other need-based Title IV assistance, such as subsidized loans.

7. Generally, a school will establish a "federal funds" bank account to receive Title IV funds from the ED. Based on funding requests from the institution, the ED electronically wires the funds to the school's federal funds account. A student's annual Pell Grant award must be divided into payment periods, which are generally the academic terms in the academic year.

8. The school makes payment to the student by applying a credit to the student's tuition account and transferring the funds from the federal funds account to the school's "operating account."

9. When a Title IV disbursement exceeds the student's tuition and other charges, the excess funds (credit balance) are disbursed to the student to meet other expenses of his or her COA, such as room and board, books and supplies, and transportation. This disbursement is known as a financial aid refund.

10. Institutions receive FAFSA/ISIR data electronically as the institution periodically downloads the information to its computer system. If the student is selected

for the process called "verification" or does not meet other requirements at the school, such as maintaining satisfactory academic progress, Title IV funds will not be awarded until verification is performed and/or all eligibility requirements are met.

Trinity Valley Community College has a satisfactory academic progress policy. Regulations for federal and state aid programs require that students make satisfactory academic progress to receive financial aid funding. If a student at Trinity Valley Community College applies for federal assistance, satisfactory academic progress will be analyzed and determined, even for periods of enrollment where federal assistance was not received.

**COUNT 1**

Violation: 18 U.S.C. § 641
(Theft of Government Money)

1. The General Allegations section of this Information is realleged and incorporated by reference as though fully set forth herein.

2. On or about January 31, 2018, in the Eastern District of Texas, the defendant, **James Robertson**, did knowingly and willfully steal, purloin, and convert without authority to his own use money of the United States Department of Education, a department or agency of the United States, namely Direct Stafford unsubsidized loan proceeds, that is funds, assets, and property provided and insured under Title 20, Chapter 28, Subchapter IV of the United States Code, specifically under the FDSLP, to which the defendant knew he was not entitled, having a value of approximately $673.00, which

were obtained through the submission of false and fraudulent claims, in violation of 18 U.S.C. § 641.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

1. The allegations contained in Count 1 of this Information are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of any violation of 18 U.S.C. § 641, the defendant, **James Robertson**, shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3. The property which is subject to forfeiture, includes but is not limited to the following:

Cash Proceeds

A sum of money equal to $5,075 in United States currency, and all interest and proceeds traceable thereto, representing the proceeds of the offense.

4. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred, or sold to, or deposited with a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of **James Robertson**.

6. By virtue of the commission of the offenses alleged in this Information, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ Nathaniel C. Kummerfeld*
NATHANIEL C. KUMMERFELD
ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 6:19-CR- |
| v. | § | JUDGE |
| | § | |
| JAMES ROBERTSON (01) | § | |

## NOTICE OF PENALTY

### COUNT 1

VIOLATION: 18 U.S.C. § 641
Theft of Government Property

PENALTY: Imprisonment of not more than one (1) year; the greater of a fine not to exceed $100,000, a fine not to exceed two times the gross gain to the Defendant, or a fine not to exceed two time the loss to the victim(s), or both such imprisonment and fine; and a term of supervised release of not more than one (1) year.

SPECIAL ASSESSMENT: $25.00